UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SOUTHERN OWNERS INSURANCE
COMPANY,

    Plaintiff,

v.                              Case No.: 8:15-cv-01440-EAK-EAJ

GALLO BUILDING SERVICES INC., KB
HOME TAMPA, LLC, KB HOME ORLANDO,
LLC, and KB HOME FORT MYERS, LLC,

    Defendants.
_____/

## ORDER ON DEFENDANT'S MOTION TO SET ASIDE DEFAULT JUDGMENT AGAINST GALLO BUILDING SERVICES, INC.

This cause comes before the Court on Defendants', KB Home Tampa, LLC ("KB Tampa"), KB Home Orlando, LLC ("KB Orlando"), and KB Home Fort Myers, LLC ("KB Fort Myers") (collectively "KB Homes"), Motion to Set Aside Default Judgment Against Gallo Building Services, Inc. (Doc. 25). After careful consideration of both parties' submissions, the Court concludes that Defendant's motion is **GRANTED**.

## BACKGROUND

On June 18, 2015, Plaintiff Southern Owners Insurance Company ("Southern Owners") filed a Complaint for Declaratory Judgment in this Court against defendants, Gallo Building Services, Inc. ("Gallo") and KB Homes. (Doc. 25). This case arises out of an underlying state court action, *KB Home Tampa, LLC, et. al. v. A&D Plus Construction Services, Inc., et. al.*, 2013 CA 002679, in the Twelfth Judicial Circuit in and for Manatee County, Florida ("Underlying Action"), in which KB Homes sued Gallo and other project subcontractors, for defective work

which "caused damage to other building components, damage to other property, loss of use, and…relocation of residents of [Willowbrook Condominiums]." Pl.'s Compl., ¶ 50, June 19, 2015, ECF No. 4-1: 2013 CA 002679.

Southern Owners provided commercial general liability insurance to Gallo from December 31, 2009 to December 31, 2012. (Doc. 25 at 5). KB Homes are additional insureds in this policy, independent of Gallo, in accordance with relevant terms of the policy. (Doc. 4-2, at 48; Subcontract, at 9-10, 35-37). Subsequently, Gallo tendered KB Homes' lawsuit to Southern Owners, its insurer, and Southern Owners accepted Gallo's defense. Gallo has since been administratively dissolved by the Florida Department of State Division of Corporations. (Doc. 25, Ex. 1).

Southern Owners filed this action in federal court and has asked this Court to declare that it has no duty to indemnify or defend Gallo according to its policies of liability insurance in connection with the Underlying Action. (Doc. 1). Defendant KB Homes responded in this case. (Docs. 12, 17). Further, KB Homes moved for admission of counsel *pro hac vice* on September 8, 2015 and was granted admission the following day. (Doc. 23). Defendant Gallo failed to appear or respond and on July 17, 2015, the Clerk of Court entered default against the defendant. (Doc. 15). On that same date, Southern Owners filed its Motion for Declaratory Judgment against Gallo. (Doc. 16). On August 14, 2015, this Court directed the Clerk to enter a default judgment against Gallo. Defendant KB Homes moved to set aside this default judgment on October 19, 2015. (Doc. 25). Southern Owners filed a response November 2, 2015. (Doc. 26).

## DISCUSSION

I. **Default Judgment Should be Set Aside Given the Subject of the Underlying Dispute and Involvement of Multiple Parties.**

As an initial matter, this Court recognizes Federal Rule of Civil Procedure 55's governance of entry of default judgment. Failure of a defendant to plead or otherwise defend itself, evidenced by affidavit or otherwise, results in an entry of default by the Clerk. *Matthew v. Hi\*Tech Electronic Displays, Inc.*, 804-CV-2021-T-23MSS, 2005 WL 5950966 (M.D. Fla. Oct. 17, 2005); Fed. R. Civ. P. 55(a). After the Clerk has entered a default, a party may seek a default judgment. *Id.*; Fed. R. Civ. P. 55(b). Further, when there are multiple parties involved, the default judgment provisions of Rule 55(b)(2) must be balanced against the requirements of Rule 54(b), which states:

> "When an action presents more than one claim for relief—whether as a claim, counterclaim, cross claim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay."

Fed. R. Civ. P. 54(b). That is, unless this Court makes an express determination that there is no reason for delay and an express direction of entry of final judgment, Fed. R. Civ. P. 55 controls. *Williams v. Bishop*, 732 F.2d 885, 886 (11th Cir. 1984).

This Court has interpreted such a provision to mean "when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants." *N. Pointe Ins. Co. v. Global Roofing and Sheetmetal*, Inc., No. 6:12-cv-476, 2012 WL 5378826 (M.D. Fla. Sept. 4, 2012) (citing *Northland Ins. Co. v. Cailu Title Corp.*, 204

F.R.D. 327, 330 (W.D. Mich. 2000)). Particularly in cases where an insurer seeks a declaration that it has no duty to defend or indemnify the defaulting defendant and the other non-defaulting defendants contest the allegation, it is not uncommon for this Court to delay the entry of a final default judgment. *See Owners Ins. Co. v. Shamblin and Shamblin Builders, Inc.*, 8:13-CV-1929-T-30MAP, 2013 WL 6170597, (M.D. Fla. Nov. 21, 2013); *N. Pointe Ins. Co.*, 2012 WL 5378826; *Essex Ins. Co. v. Moore*, 6:11-CV-515-ORL-19, 2011 WL 3235685, (M.D. Fla. July 28, 2011).

In such a case as the one before this Court, it would be appropriate to grant KB Homes' motion to set aside the default, but allow Southern Owners to reassert its motion for default judgment at the conclusion of the proceedings against the remaining defendants. *Glob. Aerospace, Inc. v. Platinum Jet Mgt., LLC*, 09-60756-CIV, 2009 WL 3400519 (S.D. Fla. Oct. 20, 2009).

While this Court finds the precedent cited above substantially persuasive and determinative of its decision to set aside the default judgment against defendant Gallo, it seems appropriate to discuss Defendant KB Homes' argument that there is good cause to set aside the judgment and Plaintiff Southern Owners' response that KB failed to move promptly to set aside the default.

## II.   Defendant KB Homes presents Good Cause to Set Aside Default Judgment Against Gallo.

As both Defendant and Plaintiff acknowledge in their pleadings before this Court, Federal Rule of Civil Procedure 55(c) provides that "the Court may set aside an entry of default for good cause." Good cause is a liberal standard, but not one so elastic as to be devoid of substance. *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F. 3d 948, 951 (11th Cir. 1996). To determine this mutable standard, varying from situation to

situation, courts consider whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Id.* These factors are not "talismanic" however, and must be construed as a means of identifying circumstances that warrant "good cause." *Id.* Therefore, these factors are considered for KB Homes' third party challenge of the entry of default judgment against Gallo.

Firstly, having reviewed the excerpt of the deposition of Henry Glime, President of Gallo (Doc. 25, Ex. 1), and the Florida Department of State Division of Corporations entity entry (Doc. 25, Ex. 2) classifying Gallo as insolvent, this Court finds that Gallo, while negligent in failing to answer Southern Owners' pleadings, does not appear willful in its conduct. Further, upon failure of Gallo to respond to the pleadings and admission of its counsel *pro hac vice*, KB Homes filed its Motion to Set Aside Default approximately six weeks later. (Doc. 26 at 3).

Secondly, the Court finds that KB Homes presents evidence that itself and Gallo have alleged "colorable defenses," which exceed a mere general denial of the allegations against them. *Bank of New York v. Brunsman*, 683 F. Supp. 2d 1300, 1303 (M.D. Fla. 2010). Specifically, KB Homes sets forth that the language of its complaint in the Underlying Action, directly contradicts the language of Southern Owners' Complaint for Declaratory Judgment. (Doc. 25 at 6) and further provides the language of the insurance policies to buttress its potential defense. (Doc. 4-2). Such contradictory allegations would implicate Southern Owners' assertions that it owes no duty to defend or indemnify Gallo in connection with the Underlying Action. (Doc. 1). This "hint of a suggestion" of a meritorious defense that the terms of the insurance policy and the allegations of the underlying complaint may determine a claim within Southern Owners' indemnity obligation is sufficient. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 n. 4 (5th Cir. 1979); *Bank of New York*, 683 F. Supp. 2d at 1303; *Chestnut Assocs., Inc. v. Assurance Co.*

*of Am.*, 17 F. Supp. 3d 1203, 1209 (M.D. Fla. 2014). Such contentions between the parties also speak to the preferred practice of this Court to withhold granting a default judgment until resolution of the [underlying] action on the merits against the remaining defendants. *Essex*, 2011 WL 3235685.

Finally, upon consideration, this Court does not find Southern Owners would suffer material prejudice should the default be set aside. Southern Owners contends it will be prejudiced in that it will continue to incur the defense costs for itself and its insured Gallo. (Doc. 26 at 8). However, KB Homes has set forth it will fully litigate this matter to a "proper conclusion" and contest whether Southern Owners has a duty to defend and indemnify both Gallo and KB Homes regardless of whether the default against Gallo is set aside. (Doc. 25 at 9).

This Court prefers allowing this case to proceed to resolution on the merits over resolution by default. *Bank of New York*, 683 F. Supp. 2d at 1303. Therefore, the Court finds that the default against Gallo should be vacated for good cause shown.

### III. KB Home Timing of Filing Motion to Set Aside the Final Default Declaratory Judgment is not a Reckless or Intentional Disregard for the Judicial Proceedings.

If a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Dunkin' Donuts Fran., LLC v. Gulf to Bay Donuts, Inc.*, 8:10-CV-01087, 2010 WL 3276459, (M.D. Fla. Aug. 18, 2010). Southern Owners contends KB Homes has shown reckless and intentional disregard for these judicial proceedings. However, where there is good cause for delay, the Seventh Circuit has upheld a ten-week delay as sufficiently quick to warrant vacating a default judgment. *Smith v. Widman Trucking & Excavating, Inc.*, 627 F. 2d 792 (7th Cir. 1980). Here, KB Homes filed its Motion to Set Aside Default Judgment nine (9) weeks from the Court's entry of judgment

against Gallo. (Doc. 26. at 3). Given KB Homes' timeliness with its own pleadings, and the relative timeliness of its Motion to Set Aside after admission of its counsel *pro hac vice* on September 8, 2015, this Court does not find KB Homes timing as an "intentional" or "reckless" disregard for these proceedings.

Accordingly, it is **ORDERED** that KB Homes' Motion to Set Aside Default Judgment Against Gallo Building Services, Inc. (Doc. 25) is **GRANTED**. The Court's default judgment entered against Gallo Building Services, Inc. (Doc. 18) shall be **VACATED**.

**DONE AND ORDERED** in Chambers at Tampa, Florida, this 26th day of April, 2016.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT COURT JUDGE

Copies to:    All parties and counsel of record.